Detective Eric Hedgecock Detective Charlie Mauldin Little Rock Police Department 700 West Markham Street Little Rock, AR 72201
Dear Detectives Hedgecock and Mauldin:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for my opinion regarding whether the Little Rock Police Department might be compelled by the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101—109 (Repl. 2002 and Supp. 2005), to release to the Federal Public Defender Office various requested records relating to you. Specifically, the Public Defender has requested the following:
 A copy of any existing internal affairs and/or personnel files for each of the above named police officers, including all disciplinaries [sic] grievances, and adverse action files.
By law, I am directed to opine whether the custodian's decision regarding release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). I have not been advised of what records, if any, the custodian intends to release, nor have I been provided copies of the records themselves. I consequently cannot opine on the propriety of the custodian's decisions regarding particular documents. However, I can and will set forth the tests the custodian should apply in determining whether to release all or part of the requested information.
Records that fall within the description "personnel file" will likely comprise both "personnel records" and "employee evaluation/job performance records" within the meaning of the FOIA. It will be important for the custodian of the records to classify the records correctly because the standards for releasing these two types of records differ.
The FOIA provides an exemption from disclosure for "personnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12). Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation/job performance records (discussed below) that relate to the individual employee. See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-038; 2006-035; 2004-178; 2003-336; 2003-055; 2002-085; 2001-154; 1999-147. Subject to the possible redaction of exempt information such as medical information, social security numbers, see, e.g., Ark. Ops. Att'y Gen. Nos.2006-035; 2003-153; 1993-300; 1991-003, or information identifying certain law enforcement officers currently working undercover, A.C.A. § 25-19-105(b)(10), personnel records must be released unless their disclosure would constitute a clearly unwarranted invasion of the employee's personal privacy. A.C.A. §25-19-105(b)(12). Because of the likely absence of a substantial privacy interest in most personnel records, I believe the custodian will in all likelihood release certain documents he or she might possess falling within this designation. For instance, my predecessors have opined, and I concur, that records such as payroll forms and documentation relating to leaves of absence should be released and that if such records contain exempt information such as medical information or social security numbers, that information should be redacted before the records are released. See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-035; 2003-153; 1993-300; 1991-003.
Similarly, the FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ark. Ops. Att'y Gen. Nos.2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 1998-006; 1997-222; 1995-351; 1994-306; 1993-055. The record must also have been created for the purpose of evaluating an employee. See,e.g., Ark. Op. Att'y Gen. No. 2006-038; 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See
J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 4th ed. 2004), at 196.
According to opinions of this office, documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of the misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g., Ark. Ops. Att'y Gen. Nos.2006-035; 2003-078; 2001-203; 1999-147; 1993-105; 1993-055; 1992-231; 1991-324. Documents received from third parties generally are not employee evaluation or job performance records, but might be classified as "personnel records." See, e.g., Ark. Op. Att'y Gen. Nos. 2006-038; 2006-035; 1998-001; 1996-342.
"Employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
The FOIA at no point defines the phrase `compelling public interest' as used in the final prong of the test for disclosure set forth in A.C.A. § 25-19-105(c)(1). However, Professors Watkins and Peltz, referring to this office's opinions on this issue, offer the following guidelines:
 . . . [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the `compelling public interest' requirement.
Watkins and Peltz, supra at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") The existence of a "compelling public interest" in disclosure will necessarily depend upon all of the surrounding facts and circumstances.
I am not situated to determine whether all the facts considered together would support the release of particular job performance or evaluation records. Only the custodian of the records can make that final decision, subject to review by a trier of fact, such as a judge or jury, with access to, and in full consideration of, all the relevant evidence.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh